**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| AARON TREMELL HILL, SR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 4:25-CV-00032-DC-DF |
| | § | |
| CITY OF MONAHANS, | § | |
| Defendant. | § | |

## DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants the City of Monahans, Rex Thee, Luis Esquivel and Jennifer Terrazas ("Defendants") in the above-entitled action and file this, their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and, in the alternative, its Motion for a More Definite Statement pursuant to Rule of Civil Procedure 12(e), and in support would respectfully show unto the Court as follows:

## I.
## RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Aaron Tremell Hill (hereafter "Plaintiff") brings this suit under 42 U.S.C. § 1983. Plaintiff filed this suit on August 8, 2025, and vaguely asserted purported violations of his First, Fourth, and Fourteenth Amendment rights, as well as alleged that the City of Monahans has unconstitutional policies, customs, and/or procedures under *Monell*. *See* Plaintiff's Original Complaint (Doc. 1) at 6-8; *see also Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690-1, 98 S. Ct. 2018, 2035-6, 56 L. Ed. 2d 611 (1978). Further, Plaintiff asserts intentional

MIDLAND\004785\000376\3871271.1

tort claim(s)[1] and violations of Texas Penal Code § 22.01 and § 42.07. *See* Plaintiff's Original Complaint (Doc. 1) at 9-10.

Though Plaintiff's Complaint includes neither a specified date nor the events giving rise to the causes of action alleged, it can be surmised from the face of Plaintiff's pleadings that Plaintiff is likely filing suit for the same events that gave rise to his previous suit because he brought suit against the same parties and alleges very similar claims. *Compare* Plaintiff's Original Complaint (Doc. 1) *with* No. 4-24-CV-00012, *Aaron Tremell Hill, Sr., v. City of Monahans, et al.*, (W.D. Tex., 2024) at (Docs. 1, 15-1).[2] On July 28, 2025, this Court Adopted the Report and Recommendation of the Hon. Magistrate David B. Fannin, dismissing Plaintiff's claims against Defendant. (2024 Lawsuit at Doc. 32). On July 29, 2025, this Court entered Final Judgment and closed the 2024 Lawsuit. (2024 Lawsuit at Doc. 33).

For the reasons expressed herein, Defendants respectfully move the Court to dismiss Plaintiff's suit for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, should the Court allow this Plaintiff yet another bite at the apple against the same Defendants, Defendant move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

---

[1] In Plaintiff's Complaint, he asserts claims for both "Intentional Negligent [*sic*] Infliction of Emotional Distress" and "Intentional Infliction of Emotional Distress." *See* (Doc. 1) at 3, 9. Because there is no recognized claim for "Intentional Negligent Infliction of Emotional Distress," it is unclear whether Plaintiff is asserting a claim for intentional infliction of emotional distress or negligent infliction of emotional distress. The latter is not recognized as an independent cause of action in Texas and Plaintiff asserts no claims for negligence. *Boyles v. Kerr,* 855 S.W.2d 593, 595-96 (Tex. 1993) (holding that there is no independent cause of action for negligent infliction of emotional distress); *See* Plaintiff's Original Complaint (Doc. 1). Thus, Defense counsel will only address Plaintiff's purported claim for intentional infliction of emotional distress.

[2] Cause No. 4-24-CV-00012, *Aaron Tremell Hill, Sr., v. City of Monahans, et al.,* shall be referred to herein as the "2024 Lawsuit." Defendants respectfully pray that the Court take judicial notice of the pleadings on file in the Court's docket in said Cause.

MIDLAND\004785\000376\3871271.1

**II.**
**<u>PLAINTIFF HAS NOT STATED A CLAIM AGAINST DEFENDANTS</u>**

### 1. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for, "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). Further, in *Ashcroft v. Iqbal*, the Supreme Court confirmed that the plaintiff is required to plead more than "unadorned" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

When reviewing a motion to dismiss, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). However, factual allegations must be enough to raise a right to relief above the speculative level. *Twombly,* 550 U.S. at 555. In fact, courts are compelled to dismiss claims based upon invalid legal theories even though they might otherwise be well-pleaded. *Teague v. Norcold, Inc.*, 774 F. Supp. 2d 817, 820 (N.D. Tex. 2011) (citing *Breen v. Tex. A & M Univ.,* 485 F.3d 325, 336 & n. 11 (5th Cir.2007)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal* at 1949)). Specifically, the Supreme Court has articulated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *See Iqbal,*

MIDLAND\004785\000376\3871271.1

129 S. Ct. at 1950. First, the Court is to identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*.

Second, upon identifying the well-pleaded factual allegations, the Court assumes "they are true and determines whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. Where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief. *Id*. (quoting FED. R. CIV. P. 8(a)(2)).

Using the plausibility pleading standard, the Court can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence. *Twombly* at 558-559. Rule eight, "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S.Ct. at 1950; accord *Twombly*, 550 U.S. at 563 n.8 (recognizing that "before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct").

The *Twombly* Court pointed out that its plausibility standard is not a heightened pleading standard beyond what the Federal Rules of Civil Procedure had always required. *Lormand v. US Unwired, Inc.* 565 F.3d 228, 257-258 (5th Cir. 2009) (quoting *Twombly* 569 n. 14). Applying the pleading standard to Plaintiff's Complaint leads to the conclusion that the claims against the Defendant, discussed below, should be dismissed.

Further, to state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of a right secured by the United States Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). Additionally, any official capacity claims against officers or other employees of a municipality should be dismissed because "official capacity suits are really against the government entity." *Goodman v. Harris County*, 571 F.3d 388, 396 (5th Cir. 2009).

### 2. Plaintiff Fails to State any § 1983 Claims Against Defendants.

Plaintiff makes unsupported allegations that "Defendants acted maliciously and oppressively" in violating Plaintiff's "clearly established rights under United States and Texas law" by threats, intimidation and/or coercion. *See* (Doc. 1) at 10. Plaintiff further states that Sergeant Esquivel and Former Officer Terrazas violated his First, Fourth, and Fourteenth amendment rights under 42 U.S.C. § 1983 and further alleges that City of Monahans has unconstitutional policies, customs, and/or procedures under *Monell*. *See id*. at 3; *see also Monell,* 436 U.S. at 690-1. Thus, it is clear from Plaintiff's complaint that he is attempting to establish the elements of several § 1983 claims to establish that Sergeant Esquivel and Former Officer Terrazas, in their capacity as law enforcement officers, violated his rights under the Constitution. *See* (Doc. 1) at 6-8; s*ee also Lefall*, 28 F.3d at 525 (listing the general elements of a 42 U.S.C. § 1983 claim). However, Plaintiff fails to plead any facts giving rise to these causes of action. *See* (Doc. 1).

According to the *Iqbal* Court, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged….threadbare recitations of the elements of a cause of action, supported by mere conclusory statements do not suffice." *See Iqbal*, 556 U.S. at 678. Additionally, at least one

federal circuit court has held that when asserting an equal protection claim under § 1983, a plaintiff must allege specific instances of unlawful discrimination. *See Coyne v. City of Somerville*, 972 F.2d 440, 444-45 (1st Cir. 1992).

Here, Plaintiff nakedly asserts that Sergeant Esquivel and Former Officer Terrazas knowingly infringed upon his civil rights. *See* (Doc. 1) at 6-9. However, Plaintiff has wholly failed to articulate how the actions of Sergeant Esquivel and Former Officer Terrazas allegedly violated his civil rights. *See id*. Plaintiff further alleges First, Fourth, and Fourteenth Amendment violations, and asserts that the City of Monahans has unconstitutional policies, customs, and/or procedures under *Monell*. *See id*. However, Plaintiff's pleadings are vague and conclusory, containing no specific instances of any unconstitutional conduct on the part of Defendants. *See id*.; *see also Iqbal*, 556 U.S. at 678; *see also Coyne*, 972 F.2d at 444-45. Plaintiff also fails to articulate what policies, customs, and/or procedures are unconstitutional and the basis for same. *Id*. Therefore, since Plaintiff fails to allege specific instances of unlawful conduct on the part of individual Defendants or the governmental entity, his claims against them under 42 U.S.C. § 1983 should be dismissed.

### 3. Plaintiff Fails to State Any Claim Against City Manager Rex Thee.

Plaintiff's § 1983 claim(s), if any, against City Manager Rex Thee should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In a complaint, factual allegations must be enough to raise a right to relief above the speculative level. *Twombly,* 550 U.S. at 555. Courts are compelled to dismiss claims based upon invalid legal theories even though they might otherwise be well-pleaded. *Teague*, 774 F. Supp. 2d at 820. In this case, City Manager Rex Thee is not mentioned in Plaintiff's statement of claim. *See* (Doc. 1) 6-9. Plaintiff neither alleges facts nor specific claims directly against City Manager Rex Thee. *See id*. Accordingly, Plaintiff's

claim against City Manager Rex Thee under 42 U.S.C. § 1983 should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because he failed to state a claim for which relief can be granted.

**4. Plaintiff's State Tort Claims, if any, Against Defendants are Barred under the Texas Tort Claims Act.**

Plaintiff failed to cite any case law or legal authority beyond an assertion that his "claim arises under the general laws of the Texas inclusive of Civil Code § 33.001" to support his argument that his state tort claim against Defendants should remain in this suit. (Doc. 1 at 9). Presumably, Plaintiff asserts his claim under Tex. Civ. Prac. & Rem. Code § 33.001. *See id.* (Doc. 1). However, this section of the Tex. Civ. Prac. & Rem. Code is not applicable here for several reasons, primarily because this section addresses only proportionate responsibility. TEX. CIV. PRAC. & REM. CODE § 33.001 ("In an action to which this chapter applies, a claimant may not recover damages if his percentage of responsibility is greater than 50 percent."). Plaintiff also asserts that the City of Monahans is liable to Plaintiff for the alleged torts of City Manager Rex Thee, Sergeant Esquivel, and Former Officer Terrazas, but fails to cite any case law or legal authority beyond an assertion that the doctrine of Respondeat Superior and "Government Code § 101" are applicable. *See* (Doc. 1) at 9. Plaintiff's authority for his tort claims, if any, against Defendants is insufficient to overcome Supreme Court of Texas or Circuit Court Precedent on the application of the Texas Tort Claims Act. Because Plaintiff has not cited any authority that permits him to bring his state tort claim against Defendants, Defendants are entitled to dismissal of his claims, to the extent they exist.

Further, Precedent from the Supreme Court of Texas, Fifth Circuit, Southern District of Texas, and Tex. Civ. Prac. & Rem. Code all illustrate how Plaintiff's state tort claim against City Manager Thee, Sergeant Esquivel, and Officer Terrazas in their official and individual capacities

are barred under the Texas Tort Claims Act. *See, e.g., Goodman v. Harris County*, 571 F.3d 388, 396 (5th Cir. 2009); *Chavez v. Alvarado*, 550 F.Supp.3d 439, 450-51 (S.D. Tex. 2021); *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011); Tex. Civ. Prac & Rem. Code § 101.106. Likewise, precedent from the Supreme Court of Texas describes how municipalities like the City of Monahans are entitled to governmental immunity under the Texas Tort Claims Act, which bars Plaintiff's state tort claims. *See, e.g., City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014); *Sampson v. University of Texas at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). To the extent Plaintiff attempts to assert these claims, they should be dismissed.

5. **Plaintiff Cannot Allege Causes of Action for Violations of Tex. Pen. Code §§ 22.01, 42.07.**

Plaintiff alleges that Sergeant Esquivel, Former Officer Terrazas, and/or the City of Monahans and City Manager Rex Thee have violated Tex. Pen. Code § 22.01 and § 42.07. *See* Plaintiff's Original Complaint (Doc. 1) at 9, 10. Tex. Pen. Code § 22.01 and § 42.07 are state criminal statutes. *See* Tex. Pen. Code §§ 22.01, 42.07. Texas Courts have consistently found that the Texas Penal Code does not create a private cause of action. *See, e.g.,* 2024 Lawsuit at Doc. 29 at 14 ("Plaintiff's claims under the Texas Penal Code are frivolous"); *Joyner v. DeFriend*, 255 S.W.3d 281, 283 (Tex. App.—Waco 2008, no pet.); *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.); Accordingly, any claim for alleged violations of § 22.01 and § 42.07 should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**III.**
**<u>PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS</u>**

1.  **If the Court Finds that Plaintiff's State Tort Claim is Not Barred under the Texas Tort Claims Act, it is Barred by the Statute of Limitations.**

Plaintiff fails to cite a date in his Complaint, but to extent he relies upon the September 2022 encounter that formed the basis of the 2024 Lawsuit, his claim should be dismissed because he is not entitled to any relief. The limitations period for a claim of intentional infliction of emotional distress is two years from the date of accrual. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Bhalli v. Methodist Hosp.*, 896 S.W.2d 207, 211 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Plaintiff filed the instant suit in 2025, outside of the two-year statute of limitations and his claims should be dismissed.

2.  **If the Court Finds that Plaintiff's § 1983 Claims are Not Barred under the Texas Tort Claims Act, it is Barred by the Statute of Limitations.**

Because there is no specified federal statute of limitations for 42 U.S.C. § 1983 claims, federal courts borrow the relevant state's statute of limitations for personal injury actions. *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018). In Texas, the limitations period for general personal injury claims is two years. *Id.* (citing *Burns v. Harris Cty. Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998)); TEX. CIV. PRAC. & REM. CODE § 16.003(a)); *Perez v. Physician Assistant Bd.*, 765 Fed. Appx. 960, 963 (5th Cir. 2019). Therefore, in Texas, a two-year statute of limitations applies to § 1983 claims. *See Sorrow v. Harris Cnty. Sheriff,* 622 S.W.3d 496, 501 (Tex. App.—Houston [14th Dist.] 2021, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)); *Wallace v. Kato*, 549 U.S. 384, 387-88, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007); *Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 402 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

Under Federal law, "it is the standard that [accrual occurs] when the plaintiff has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 52 U.S. 192, 201 F.3d 240, 246 (5th Cir. 2002) (internal quotations omitted). Thus, the limitation period begins to run when the plaintiff becomes aware that he has suffered an injury. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002).

Here, Plaintiff's complaint neither includes a date nor details the events giving rise to the causes of action alleged, but if it relates to the similar alleged violations as the same Defendants in the 2024 Lawsuit, his claim is time barred. *Compare* (Doc. 1), *with* (2024 Lawsuit, Doc. 15-1).

**IV.**
**QUALIFIED IMMUNITY**

**1. Plaintiff's claims are Barred by Qualified Immunity.**

City Manager Thee, Sergeant Esquivel, and Officer Terrazas are entitled to qualified immunity. When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). Under the Fifth Circuit's body of law, an official is not required to demonstrate that he did not violate clearly established federal rights. *Estate of Davis Ex Re. McCully v. City of North Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005).

At this stage, the proper focus of this inquiry should be on whether Plaintiff's pleadings establish that the officer's actions were objectionably unreasonable. "It is the plaintiff's burden to find a case in his favor that does not define the law at a 'high level of generality'" *Vann v. City of Southhaven, Mississippi*, 884 F.3d 307, 310 (5th Cir. 2018) (quoting *Cass v. City of Abilene*, 814 F.3d 721, 732-33 (5th Cir. 2016)). Failure to cite "a preexisting precedential case" that places an

MIDLAND\004785\000376\3871271.1

officer on notice that the conduct in question violates the Constitution "dooms" a plaintiff's case. *Id*.

Plaintiff has failed to cite any case law to establish that Sergeant Esquivel, Former Officer Terrazas, and/or City Manager Rex Thee are not entitled to qualified immunity as a result of allegedly violating his constitutional rights. *See* (Doc. 1). Plaintiff's failure to identify any cases dooms his case. *Vann*, 884 F.3d at 310; *Cass*, 814 F.3d at 733 (granting qualified immunity even though the defendant did not cite any cases in his favor to the district court because plaintiffs bear the burden of showing specific law on point). Because Plaintiff has failed to identify any case law to put the constitutional question beyond debate, Plaintiff has failed to meet his burden to overcome Sergeant Esquivel, Former Officer Terrazas, and City Manager Rex Thee's qualified immunity as a matter of law. *Vann*, 884 F.3d at 310.

Because Plaintiff does not identify in his Original Complaint any specific conduct on the part of Sergeant Esquivel, Former Officer Terrazas, or City Manager Rex Thee that was unconstitutional, new facts and allegations alleged against them should be disregarded because they are outside of Plaintiff's Original Complaint. *See* (Doc. 1); s*ee also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (holding that in ruling on a Rule 12(b)(6) motion, courts limit their review to the face of the pleadings). Because Sergeant Esquivel, Former Officer Terrazas, and City Manager Rex Thee are protected by qualified immunity and Plaintiff has not overcome his burden to negate qualified immunity, the Court should dismiss Plaintiff's claims against them.[3]

---

[3] This Court similarly found that Plaintiff failed to overcome qualified immunity in the 2024 Lawsuit. (2024 Lawsuit at Doc. 29 16-18).

MIDLAND\004785\000376\3871271.1

**V.**
**PLAINTIFF'S SUIT AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY**

**1. To the Extent They Exist, Plaintiff's Official Capacity Claims Should Be Dismissed**

To the extent Plaintiff brings this suit against Defendants Sergeant Esquivel, Former Officer Terrazas, and City Manager Rex Thee in their official capacity, Plaintiff's claims also fail. Plaintiff appears to be suing Sergeant Esquivel, Former Officer Terrazas, and City Manager Rex Thee in their official capacities since their municipal job titles are listed in Plaintiff's original complaint. *See* (Doc. 1 at 2). However, as previously stated herein, only the City of Monahans is listed as Defendant in the case style. *See id.* at 1. Thus, it remains unclear who Plaintiff is suing and in what capacity.

To the extent that the Court construes these claims as if pleaded against Sergeant Esquivel, Former Officer Terrazas, and City Manager Rex Thee in their official capacity, Plaintiff's Original Complaint fails to state a claim upon which relief can be granted. A claim against a municipal official in his or her official capacity is tantamount to a suit against the municipal entity. *Bustillos v. El Paso Cnty. Hosp. Dist.*, 226 F. Supp. 3d 778, 789 (W.D. Tex. 2016), aff'd, 891 F.3d 214 (5th Cir. 2018) (citing *Monell*, 436 U.S. 658, 690 (1978)). Thus, these claims fail for the reasons stated above and the individual Defendants should be dismissed.

**VI.**
**REQUEST FOR MORE DEFINITIVE STATEMENT IN THE ALTERNATIVE**

**1. In the Alternative, if the Court Finds that Plaintiff's Claim Should not be Dismissed, Defendants Move for a More Definite Statement.**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). A plaintiff's statement of the claim must include a "short and plain statement ... showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the

MIDLAND\004785\000376\3871271.1

statement must present more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. (1937). This requirement holds true even for *pro se* litigants. *Thrasher v. Amarillo Police Dep't*, 346 Fed. Appx. 991, 992 (5th Cir.2009). If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. *See Swierkiewicz v. Sorema, N. A.*, 534 U.S. 506, 514 (2002). While a deficient pleading can warrant outright dismissal after a Rule 12(b)(6) motion to dismiss, an order granting a motion for a more definite statement gives a plaintiff fourteen days to cure the deficiencies. *See id*; *see also* FED. R. CIV. P. (12)(e).

As aforementioned, Plaintiff failed to include a date in his Complaint on which the events giving rise to his causes of action occurred. *See* (Doc. 1). Additionally, Plaintiff pleads no facts in support of the causes of action he asserts. *See id*. Rather, Plaintiff merely presents threadbare recitations of the elements of each cause of action he alleges. *See id*. at 6-10. Plaintiff states that "Defendants acted maliciously and oppressively" in violating his rights by threats, intimidation and/or coercion[,]" "[t]he acts of Defendants were retaliatory, fraudulent, deliberate, and in contemplation of intimidating [Plaintiff,]" and that Sergeant Esquivel and Former Officer Terrazas "detained, humiliated, threatened, and maliciously prosecuted" Plaintiff "based on a fabricated police report…prepared by government agents[.]" *See id*. at 7. But he fails to include sufficient factual basis in support of these allegations. *See id*. Because Plaintiff's Original Complaint is so vague that Defendants' cannot reasonably prepare a comprehensive response, Defendants move for a more definite statement in the unlikely event that the Court does not grant their Motion to Dismiss.

MIDLAND\004785\000376\3871271.1

**VII.**
**CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Plaintiff's claims against Defendants should be dismissed with prejudice for failure to state a claim and based upon limitations. Alternatively, Defendants respectfully request that this Court sustain its Motion pursuant to Rule 12(e) for a more definite statement and order Plaintiffs to replead as requested and in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

By:    */s/ Tyler J. Eyrich*
**Tyler J. Eyrich**
State Bar No. 24101741
teyrich@cbtd.com

**COTTON, BLEDSOE, TIGHE & DAWSON, P.C.**
A Professional Corporation
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 (Fax)

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of September, 2025, a true and correct copy of the foregoing instrument was served via electronic filing system and sent to Plaintiff:

Aaron Tremell Hill, Sr.
13949 Jacktar Street
Corpus Christi, Texas 78418
361-562-8404
Aaronhill73@yahoo.com

*/s/ Tyler J. Eyrich*
Tyler J. Eyrich

MIDLAND\004785\000376\3871271.1