# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

AARON TREMELL HILL, SR.　　　　§
　　　　　　　　　　　　　　　　§
　　　PLAINTIFF,　　　　　　　　§
　　　　　　　　　　　　　　　　§
VS　　　　　　　　　　　　　　　§　　　　　**4:25-CV00032-DC-DF**
　　　　　　　　　　　　　　　　§
CITY OF MONAHANS, et al　　　　§
　　　　　　　　　　　　　　　　§
　　　DEFENDANT(S),　　　　　　 §

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT, FAILURE TO STATE A CLAIM.

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, AARON TREMELL HILL, SR. Plaintiff herein, as a Pro Se Litigant of record, and files this Plaintiff's First Response in **Opposition to Defendants' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT FAILURE TO STATE A CLAIM**, and in support thereof he will respectfully show this court the following. As the Plaintiff previously stated in Hill, Sr. v City of Monahans, et al 4:24-cv000011-DC-DF in Opposition to the Defendant's Motion to Dismiss that the claims are legitimate for this lawsuit and should not be dismissed. This is just another attempt by the Defendants to impede this case.

### Considerations for *Pro Se* Litigants

When one of the litigants is *pro se,* the pleadings are "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2001) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation omitted). A *pro se* litigant's case cannot "be dismissed on the ground that petitioner's allegations of harm were too conclusory to put these matters in issue." *Erickson,* 551 U.S. at 94. The court has wide latitude when approaching the allegations

1

contained in a complaint, as the plaintiff needs only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleadings requirements." *Hall*, 935 F.2d at 1111 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). This direction allows courts to discern legal causes of action based on the alleged facts even when the *pro se* litigant has not properly labeled or asserted a recognized cause of action. *See generally United States v. Bell*, No. 11-6080, 2011 U.S. App. LEXIS 17647, at *3-5 (10th Cir. Aug. 24, 2011) (discerns eleven separate claims from Defendant-Appellant's four stated grounds for relief); *Stanko v. Davis*, 297 F. App'x 746, 749 (10th Cir. 2008) (unpublished) (interpreting two poorly written paragraphs in complaint describing "various acts" and alleging broad constitutional claims as sufficient); *Creamer v. Ellis County Sheriff Department*, No. 08-4126-JAR, 2009 U.S. Dist. LEXIS 55665, at *4-5 (D. Kan. June 29, 2009) (identifies three statutory claims from a complaint, which consisted of a chart outlining alleged incidents and lacked proper punctuation and complete sentences).

## I.
## RELEVANT FACTUAL & PROCEDURAL BACKGROUND

On or about September 9, 2022, Plaintiff, Aaron T. Hill, was shopping at the Dollar Tree when store manager, Mario Javier Molina, began to stalk, spy and harass him. Molina followed Plaintiff around the store and aggressively confronted Plaintiff. As shown on Dollar Tree camera footage, Hispanic and White customers were not followed, harassed, spied upon or stalked around the store. When Plaintiff attempted to check out, Molina refused to give service to Plaintiff, while Hispanic and White customers were permitted to check out without incident. Plaintiff asked for the name and phone number of his manager, to which Molina replied, "Look it up." Plaintiff left the

store. Molina called the police, reporting "an aggressive customer… refusing to leave" even though the Plaintiff already left. Officer Esquivel and Officer Terrazas responded to Molina's call. Molina was outside the Dollar Tree when the officers arrived. As the officers approached Plaintiff, Molina pointed and told the officers to "issue a criminal trespass on him." The officers had been not given a description at all from their dispatch but immediately targeted the first black person they saw. As noted in Monahans Police Call Sheet Log, Molina failed to offer a description, even though it was requested by dispatch. Plaintiff was approached by two Monahans Police Department officers, Jennifer Terrazas and Juan Esquivel. Officer Terrazas asked to see Plaintiff's Driver License, even though he had not committed a crime nor had he been accused or suspected of committing a crime. This is clearly a violation of 42 U.S.C. §1983, Texas Penal Code § 38.02, §22.01 and § 42.07 and a violation of Plaintiff's civil rights. The plaintiff politely refused and told Terrazas that he preferred to protect his civil rights and reminded her that in Texas a person does not have to provide a Driver License if they haven't committed a crime (Texas Penal Code 38.02). Officer Terrazas confirmed the Plaintiff had not committed a crime on her bodycam as well. It is the Plaintiff's belief that if he were white or Hispanic these racist acts wouldn't have happened. Officer Luis Esquivel approached Plaintiff with his hand on his firearm and stated that if he didn't give him his Driver License, he was going to jail. The Plaintiff feared for his life because Officer Luis Esquivel kept his hand on his firearm the entire time. This incident is clearly unlawful detainment and a violation of Plaintiff's civil rights of 42 U.S.C. §1983, Texas Penal Code § 38.02, §22.01, and § 42.07. The Plaintiff was targeted by the two police officers simply because he is a black man. The manager of the store and the other White or Hispanic customers were was not harassed. The officers did not demand their driver's license; in fact, Officer Tarrazas states on the body cam footage it was okay that the manager did not have any identification, even though he drove his car to work and it was in the parking lot obviously treating the Hispanic employee and Hispanic and White Customers more favorable than the Plaintiff. This is another act of racism that the Plaintiff dealt with from Officer Esquivel and Officer Tarrazas

3

on behalf of the City of Monahans. The Plaintiff was issued a criminal trespass warning, without any type of investigation, and left the premises. It was only after the Criminal Trespass Warning was issued and Plaintiff left that Officer Esquivel reviewed Dollar Tree's security footage. The security footage, as seen through the police body camera, shows Molina skipping around the security footage, attempting to conceal evidence of the incident. Molina is heard and seen referring to Plaintiff as "those people" and saying, "You can tell he isn't from around here. I know that." Officer Esquivel concurred with Molina and also stated that "we need you to watch the film because he will file a complaint against us" and "I can just imagine how he was acting with you since he did not want to cooperate with me without viewing the footage." Officer Esquivel formed an opinion based on the Plaintiff being an African American. Officer Esquivel's aggressive behavior started as soon as he exited his police car and continued until the Plaintiff left the premises. Officer Esquivel failed to conduct a thorough and unbiased investigation, which clearly shows on body cam footage. Officer Terrazas failed to protect Plaintiff's civil rights by allowing Officer Esquivel to act aggressively toward Plaintiff. City of Monahans (Police Department) operates in the State of Texas providing community engagement, maintaining public order, issuing citations, traffic assistance, responding to calls, and protecting the citizens. As a citizen, the Plaintiff was within his rights and conducting himself lawfully. As seen on security footage, within moments of entering the store, Plaintiff's experience there became hostile when Plaintiff was subjected to racial harassment when the store manager stalked, spied on, and harassed the Plaintiff. For example, Plaintiff was quietly and safely walking around the store looking for items he wanted to purchase while the store manager aggressively confronted Plaintiff. In response, Plaintiff simply stepped aside and continued his way, attempting to ignore the aggressive behavior of the store manager. City Manager Rex Thee failed to protect the Plaintiff's civil rights by his failure to comply with the Texas Public Information Act by intentionally concealing, and ignoring multiple requests to protect the City of Monahans, Officer Esquivel and Officer Terrazas from civil rights lawsuit.

**II.**
**PLAINTIFF HAS NOT STATED A CLAIM AGAINST DEFENDANTS**

**1. Motion to Dismiss Standard**

To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of a right secured by the United States Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. Additionally, any official capacity claims against officers or other employees of a municipality should not be dismissed.

How does a Police Officer not know their policies and procedures that they were sworn to uphold that if an individual who has not been suspected or committed of a crime, does not have to show their identification? This is just a continuation of the defense covering up not following policy and procedures and violating the Plaintiff's § 1983 civil rights. Former Officer Terrazas admitted to Plaintiff that he had not committed any crime (see bodycam). Incompetent police officer(s) are not an excuse to break the law. Texas is not a stop and identify state. According to Tex. Pen Code **§** 38.02, a person is not required to provide identification if they have not been arrested or driving. A person does not have to identify themselves if they are merely detained. As an African American man in today's society when you are ordered by a police officer to do something with the threat of arrest, then your mind immediately envisions scenarios where police officers escalate very quickly into excessive force situations, such as: George Floyd, (*United States v Chauvin*, Case No. 21-cr-108 (PAM/TNL) (D. Minn. Jun. 4, 2021), Breonna Taylor (*United States v Goodlett*, 3:22-cr-00086, (W. D. Ky.), and Botham Jean (*Jean v Guyger*), Civil Action 3:18-cv-02862-M-BH (N.D. Tex. Sep. 29, 2023). By demanding Plaintiff show identification under threat the police officers clearly intentionally violated Texas Penal Code §22.01, §38.02, §42.07 and 42 U.S.C § 1983 Civil Rights Law.

As a defense to a claim for relief, a motion to dismiss for failure to state a claim is provided under rule 12(b)(6) of the Federal Rules pf Civil Procedure. However, the Fifth Circuit has long followed the tradition in favor of liberal pleadings as provided under Rule 12(a) of the Federal Rules of Civil Procedure. *Lowry v Texas A & M University System*, 117 F. 3d 242 (5th Cir. 1997).

Ordinarily, according to the United States Supreme Court, a 12(b)(6) Motion to Dismiss under the Federal Rules of Civil Procedure is not appropriate unless the record reflects that the Plaintiff's factual allegations and claims do not show a right to relief that is plausible and above mere speculation, *Bell Atlantic Corp. v Twombly*, 127 S. Ct. 1955, 1964-65 (2007). As a result, the Fifth Circuit generally views with disfavor a motion to dismiss for failure to state a claim (*Collins v Morgan Stanley Dea Witter*, 224 F. 3rd 496, 498 (5th Cir. 2000). In *Crowe v Henry*, 43 F. 3rd 198, 203 (5th Cir. 1995), the court held that a party admits the facts alleged in the complaint when seeking a motion to dismiss for failure to state a claim. However, the moving party challenges the Plaintiff's right to any relief based on those facts.

The standard applied by courts in ruling on a motion to dismiss for failure to state a claim under 12(b)(6) of the Federal Rules of Civil Procedure provides that the courts cannot decide disputed fact issues. Instead, as in the instant case, the court must assume that all material facts contained in the Plaintiff's Original Complaint are true, Tellabs, Inc. v Makor Issues & Rights, Ltd, 127 S. CT. 2499, 2509 (2007). Moreover, based upon this standard, in the Fifth Circuit, the court must indulge all inferences in favor of the Plaintiff, Collins v Morgan Stanley Dean Writer, 224 F.3d 496, 498 (5th Cir. 2000). Plaintiff makes supported allegations that Sergeant Esquivel, Former Officer Terrazas, and City Manager Rex Thee, in the course of their employment, "knowingly" infringed on plaintiff's civil rights under the Texas United States Constitutions, and "unlawfully discriminate[d] against plaintiff," causing him damages. Police bodycam footage shows Sergeant Esquivel saying to Plaintiff, "Identify yourself or you will be placed under arrest for failure to ID." In

addition, when Plaintiff asked Former Officer Terrazas, "Have I committed a crime?" she responded, "No." In Loggervale v. Holland, C 20-04679 WHA (N.D. Cal. Jun. 12, 2023) a mother and two teenage daughters, who were completely innocent of any crime, were unlawfully detained by the Alameda County Deputies. They were racially discriminated against, and their civil rights were violated, just like Plaintiff's. In Mangum v. Walmart Stores, Inc. 20CV18273 (2020), the plaintiff was racially profiled, threatened, and had the police called by store employee. The Multnomah County Sheriff deputies who responded to the 911 call refused to take action against Plaintiff even when he refused to provide his drivers License, because the Sheriff Department conducted a thorough investigation. These officers protected Plaintiff's civil rights, unlike Esquivel and Terrazas. Neither Sergeant Esquivel nor Former Officer Terrazas did their due diligence in investigating the alleged offense. They did not interview witnesses, they did not interview the Plaintiff, and they did not review camera footage from inside the store. It is also seen on video recorded by Plaintiff that Sergeant Esquivel places his right hand on his firearm while talking to Plaintiff. This is clearly an intimidation tactic by the Defendant. Again, as an African American man in today's society when you are ordered by a police officer to do something with the threat of arrest, then your mind immediately envisions scenarios where police officers escalate very quickly into excessive force situations.

Furthermore, when former Officer Terrazas requested the identification of the store manager, he did not have any identification. He went to his car to get his identification but returned telling the officers he did not have his identification there either and nothing happened to him. This clearly shows the Defendants treated the Plaintiff differently than other individuals. These two factors underscore that Plaintiff has set forth more than a bare legal conclusion that he was treated differently. The similarly situated requirement is not an inflexible or rigid formula that requires detailed allegations to meet potential challenges raised by Defendant during the course of litigation. As the Plaintiff previously stated in the first response in Opposition to the Defendant's Motion to

Dismiss that the claims are legitimate for this lawsuit and should not be dismissed. This is just another attempt by the Defendants to impede this case.

**2. Plaintiff Failed to State a 42 U.S.C. § 1983 Claim Against the City of Monahans & Defendants**

Police officers are employees of the City of Monahans and therefore the city is responsible for the actions of their employees. When employees willfully engage in a behavior that violates policy and procedures including a citizen's civil rights, the City must be held accountable. In this case, the City of Monahans is responsible for the training, or lack thereof, of the police officers who willingly and blatantly violated Texas Penal Code § 38.02 and Federal Civil Rights Law 42 U.S.C § 1983.

In addition, the City of Monahans and City Manager Rex Thee failed to adhere to the Texas Public Information Act. When information was requested, multiple times, the City of Monahans and City Manager Rex Thee did not make available the complete list of requested information, all of which was legally requested and legal to release. Thus, this is evidence that the City of Monahans and City Manager Rex Thee continues to hide evidence directly related to this case. The Texas Public Information Act (PIA) embodies the State's policy that "each person is entitled, unless otherwise expressly provided bylaw, at all times to complete information about the affairs of government and the official acts of public officials and employees." Under the PIA, the public has a right of access to "public information," a broadly defined term. A governmental body must "promptly" produce public information after receiving a request for disclosure, meaning "as soon as possible under the circumstances, that is, within a reasonable time, without delay." The prompt production of public information furthers the "fundamental philosophy" that "government is the servant and not the master of the people. Texas law requires public institutions to promptly produce public records no later than 10 business days from receiving a public information request or seeking an opinion from

the Texas Attorney General. In the Plaintiffs case, the City of Monahans and City Manager Rex Thee failed to provide all requested documents within the 10 business days and has continually attempted to prevent the Plaintiff from obtaining the documents requested, which is a violation. In *The Hall Law Group, PPLC. v Houston Community College et al* 4:2007cv04832020-31380, the Houston Community College System was ordered to pay more than $291,000 in attorney fees incurred during a legal dispute alleging the college failed to turn over public records. In *Rogers v City of Austin* 03-11-00563 (Tex App Oct 18, 2011) D-1 GN -15-002291, the City of Austin agreed to pay the Plaintiff $5,000 for violating the Open Records Act. Texas Government Code, Chapter 552, gives the Plaintiff the right to access government records; and an officer for public information and the officer's agent may not ask why you want them. All government information is presumed to be available to the public without discrimination or civil rights violations. The Texas Public Information Act's (PIA) requirements are very simple - provide the documents requested in 10 business days. The City of Monahans and City Manager Rex Thee failed to do so, thus should be held accountable.

In addition, the City of Monahans and City Manager Rex Thee was negligent in retaining Sergeant Esquivel and Former Officer Terrazas, and in failing to supervise Sergeant Esquivel and Former Officer Terrazas. It is unlawful for police officers to threaten a citizen with arrest if they have not committed a crime or been suspected of committing a crime. Plaintiff asked Former Officer Terrazas, "Have I committed a crime?" and she responded, "No." Again, it is important to state here, that as an African American man in today's society when you are ordered by a police officer to do something with the threat of arrest, then your mind immediately envisions scenarios where police officers escalate very quickly into excessive force situations. The City of Monahans and City Manager Rex Thee failed to oversee the actions of their officers and allowed them to use intimidation tactics like threats of arrest and placing hands on their firearms. These are in direct violation of Plaintiff's civil rights as protected under §22.01, §42.07, 42 U.S.C. § 1983. Because no crime was

committed, Sergeant Esquivel and Former Officer Terrazas knew Plaintiff had not committed a crime, they both unlawfully discriminated against Plaintiff.

As the Plaintiff previously stated in the first response in Opposition to the Defendant's Motion to Dismiss that the claims are legitimate for this lawsuit and should not be dismissed. This is just another attempt by the Defendants to impede this case.

**2. Plaintiff Failed to State Any Claim Against City Manager Rex Thee**

City Manager Rex Thee is the acting head of the municipality and can therefore be specifically held liable under § 1983 for decisions regarding hiring, retention, and supervision if a plaintiff can show deliberate indifference to the known or obvious consequences of such decisions. City Manager Rex Thee knowingly disregarded Plaintiff's civil rights by disregarding the actions of the police and records clerk.

In addition, City Manager Rex Thee failed to comply with Open Records Requests first requested on November 18, 2022, and again May 12, 2023, June 4, 2023, February 25, 2024, March 2024, April 23, 2024. When records were requested numerous times, the records clerk, Chief of Police, City Secretary, and City Manager all failed to produce the requested documents which has impeded the Pursuit of Justice. On or about February 25, 2024, the records clerk admitted they had failed to read the request properly and had made a mistake. Repeated calls to City Manager Rex Thee went unanswered. The Attorney General Office sent a request as well on my behalf; however, the City Manager Rex Thee (Ms. Tonya Todd City Secretary) office continues to violate the Open Records Act by impeding the Plaintiff's case. In *Villarreal v. City of Laredo, No. 20-40359 (5th Cir. 2022),* the Fifth Circuit affirmed the Plaintiff's claims against the city. See id WLB (TV) V City of Jackson.

These are in direct violation of Plaintiff's civil rights as protected under 42 U.S.C. § 1983. Because no crime was committed Sergeant Esquivel and Former Officer Terrazas knew

Plaintiff had not committed a crime, they both unlawfully discriminated against Plaintiff. As the Plaintiff previously stated in the first Opposition to the Defendant's Motion to Dismiss that the claims are legitimate for this lawsuit and should not be dismissed. This is just another attempt by the Defendants to impede this case. Mr. Rex Thee is mentioned in this complaint for violation of Plaintiffs civil rights. As of October 5, 2025 the City of Monahans and City Manager Rex Thee have failed to comply with Plaintiff's request.

### 3. Plaintiff's State Tort Claims, if Any, Against City Manager Rex Thee, Sergeant Esquivel, and Former Officer Terrazas are Barred under the Texas Tort Claims Act

A tort claim outlines an act that causes injury or harm to another party, amounting to a civil wrong that allows the courts to assign liability. Specifically, an injury, in this case, can mean any imposition on another person's legal rights. Additionally, police misconduct can, and does include under the Texas Tort Claims Act, failure to disclose exculpatory evidence; that is, evidence that shows that a person was innocent of the crime. Police clearly caused injury to the Plaintiff because he was wrongly detained, threatened with arrest, racially targeted, and they never investigated the situation. Had they had done so, they would have found no evidence of said "aggressive behavior." In City of Oklahoma v Tuttle 471 US 808. 105 S. CT. 2427, 85 L. Ed. 2d. 791 (1985) the Supreme Court ruled that the city should be liable under § 1983 for unconstitutional acts of their agents that perform under their official duties. In Monell v New York City Department of Social Services 436 U. S. 658 S. Ct. 2018, 56 L. Ed 2d 611 (1978) holding that a local government is a "person" subject to suit under Section 1983. In Allen v. City of Houston, 62 F.4th 252 (5th Cir. 2023), Allen's family sued the City of Houston and officers for excessive force, unlawful arrest, and denial of medical care. The Fifth Circuit reversed the district court's dismissal of the claims, denying qualified immunity to Officer Hayes for the unlawful arrest and excessive force allegations. The court appeals specifically found that the officer's use of deadly force was not objectively reasonable based on the totality of the circumstances. In Sauceda v. City of San Benito (19-40904, 2023 WL 5262791 (5th Cir. 2023)),

Sauceda sued for false arrest under federal law (§ 1983). The Fifth Circuit reversed the district court's summary judgment in favor of the defendants. The court ruled that Sauceda had presented "genuine issues of material fact" regarding his claim of false arrest, retaining the case for further proceedings. A finding of genuine issues of material fact is a significant victory for a plaintiff seeking to overcome summary judgment. In Turner v. Driver, No. 16-10312, 2017 U.S. App. LEXIS 2769 (5th Cir. 2017), Phillip Turner, a freelance videographer, was arrested for filming a police station from a public sidewalk. He refused to provide identification when requested by officers. Though his initial appeal on the First Amendment claim was unsuccessful, the case ultimately led to a settlement. While Turner's claims were based on constitutional violations under § 1983 for unlawful arrest and retaliation, the action functioned as a tort claim against the police department and its officers. The lawsuit led to a $200,000 settlement with the police department. Settling for a significant sum is a practical win for a plaintiff, as it indicates the strength of their claims, even if a final court judgment is not reached.

The Plaintiff's legal rights were violated by City Manager Rex Thee, Sergeant Esquivel, and Former Officer Terrazas. Therefore, the tort claims should stand. As the Plaintiff previously stated in the first response in Opposition to the Defendant's Motion to Dismiss that the claims are legitimate for this lawsuit and should not be dismissed. This is just another attempt by the Defendants to impede this case.

**5.      Plaintiff Cannot Allege a Cause of Action for Violations of Tex. Pen. Code § 22.01 & 42.07**

The City of Monahans and City Manager Rex Thee is negligent in retaining Esquivel and Terrazas in any official capacity and in failing to supervise Esquivel and Terrazas so as to prevent foreseeable violations of civil rights. In addition, the City of Monahans and City Manager Rex Thee are negligent in providing Racial Bias Training, Systemic Racism Training, Racial Profiling Training, and Unconscious or Implicit Bias Associations of African Americans Training. Last, the officers violated the Plaintiffs rights according to Tex Pen Code §38.02, which specifically states that

a person does not have to show identification if they are not under arrest or driving, as well as the other violations including Tex. Penal Code §22.01 & §42.07. The Plaintiff was not told that he was under arrest, but he was in custody, unable to leave the premises and was afraid of being arrested or shot. It is important to reiterate here that Sergeant Esquivel threatened Plaintiff with arrest for failure to identify and placed his hand on his firearm to intimidate Plaintiff which is violation of Plaintiff's Fourth Amendment Rights. As an African American man in today's society when you are ordered by a police officer to do something with the threat of arrest, then your mind immediately envisions scenarios where police officers escalate very quickly into excessive force situations As the Plaintiff previously stated in the first response in Opposition to the Defendant's Motion to Dismiss that the claims are legitimate for this lawsuit and should not be dismissed. This is just another attempt by the Defendants to impede this case. Many tort cases filed in Texas state courts involve allegations that mirror the elements of Penal Code § 22.01. For example, assault victims can file a civil lawsuit for monetary compensation for medical bills, lost wages, and pain and suffering. In *Morgan v. City of Alvin* (175 S.W. 3d 408, 418 (Tex. App. – Houston [1st Dist.] 2004, no pet.)) explicitly notes that "The definition of assault is the same whether it is used pursuant to criminal prosecution or civil suit for damages." Though dismissed on other grounds, the case of *McKee v. City of Rockwall, Texas* in the Fifth Circuit shows a plaintiff successfully arguing that officers lacked authority to arrest for a misdemeanor assault under Texas law. The court used Penal Code § 22.01 to analyze whether the officers had probable cause, which would depend on whether the victim had suffered physical pain. This demonstrates how a court can evaluate a criminal statute in the context of a civil claim. In federal civil cases within the Fifth Circuit, evidence of a violation of Texas Penal Code § 42.07 (Harassment) may be used to support related civil tort claims, such as intentional infliction of emotional distress. In *Alkhawam v. Rusk (2013)*, a plaintiff sued the defendant in federal court, alleging various state-law claims, including intentional infliction of emotional distress, related to the defendant's alleged harassing communications. In the civil suit, the plaintiff referenced the

13

defendant's alleged violations of Texas Penal Code § 42.07 as evidence to support her state-law civil claims. The Fifth Circuit affirmed the district court's decision, allowing the plaintiff's intentional infliction of emotional distress claim to proceed. The court found that the defendant's alleged harassment could constitute the type of extreme and outrageous conduct needed to prove intentional infliction of emotional distress. Also see id, Bevill City of Quitman, Texas et al, No. 4:2019 cv 00406, the Plaintiff successfully argued §42.07 in violation of his civil rights and was awarded $18,000,000 in compensatory damages, $3,350,000 in punitive damages.

**III.**
**<u>PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS</u>**
1. **If the Court Finds that Plaintiff's State Tort Claim is Not Barred under the Texas Tort Claims Act, it is Barred by the Statute of Limitations.**

Plaintiff's initial violation of civil rights was on or about September 9, 2022. Attorney Charles C. Smith sent an Open Records Request to Rex Thee on November 18, 2022 and again on April 7, 2023, May 12, 2023, June 4, 2023, February 25, 2024, March 2024, and April 23, 2024, all of which were intentionally disregarded. Plaintiff made another attempt to retrieve information from the city by filing another Open Records Request on April 11, 2024. On or about March 8, 2024, the Plaintiff sent a complaint to the Office of the Attorney General (ID# OR-24-008910-IC) because Defendant continually failed to produce requested documents. On multiple occasions, starting on or about February 6, 2024, Plaintiff made multiple Open Records Requests for information from Rex Thee, Mayra Sanchez, and Chief Kristofer Quintana. Written requests were made, and a complaint was filed with Office of the Attorney General only after several unsuccessful attempts to retrieve the information by telephone. Plaintiff's request for records remains unaddressed as of October 8, 2025. Contacts on February 23, 2024 to the City of Monahans and Rex Thee were to no avail. This is clearly a violation of the Plaintiff civil rights once again. Plaintiff filed his lawsuit on February 28, 2024. The last Civil rights violation in this case is on Feb 23, 2024; therefore, the Statue of Limitation has not expired.

**1. If the Court Finds that Plaintiff's § 1983 Claims are Not Barred under the Texas Tort Claims Act, it is Barred by the Statute of Limitations.**

Judges make exceptions that allow for the tolling of the statute of limitations when the plaintiff was prevented from filing in a timely manner due to extraordinary circumstances beyond their control. For example, if the Judge's final ruling was a dismissal without prejudice, it's essentially erasing the lawsuit for timing purposes, restarting the clock as if the case had never been filed. In both Lane, et al, v DirecTV, Inc. et al, 2:10-cv-01085 (February 22, 2010) and Waetzig v Halliburton Energy Services, Inc. the Plaintiff was allowed to refile.

If the court approves the defendant's request to bar the case for Statue of Limations and or the Texas Tort Claims, I will ask the court to take into consideration the following. **Equitable Tolling statue if it's out of the Plaintiff's control.** Yahraes, et al, v. Restaurant Associates Events Corp. et al, No. 1:200cv00935 Document 112 (E.D.N.Y.)  In this FLSA case, the court granted equitable tolling for a nine-month delay in ruling on a motion for conditional certification. The court recognized that the delay was beyond the plaintiff's control and that they had diligently pursued their claims. In Klick v. Cenikor Foundation, No. 22-20434 (5th Cir. 2024) a federal district court in Texas found that a one-and-a-half-year delay in ruling on a motion for certification constituted an extraordinary circumstance. The court granted equitable tolling to prevent the delay from unfairly barring the plaintiffs' claims. In Yslas v. Wal-Mart, 1:22-cv-01880, July 29, 2022, Carter v Johnson No. 04-11-00088-CV,04-11-00088-CV (February 15, 2012), Melger V T.B. Butler Publishing Co. No 18-41080 (5th Cir. 2019)

In the Defendant's Motion to Dismiss, the Defendant neither included the last date of a violation by the city of Monahans, Rex Thee, Mayra Sanchez, and Chief Kristofer Quintana nor even mentioned it. The Defendant here is intentionally concealing a critical date that allows this case to

continue. As previously stated, Plaintiff had multiple requests for Open Records which the Defendants failed to produce, therefore delaying the process.

**IV.**

**QUALIFIED IMMUNITY- Plaintiff's claims are Barred by Qualified Immunity.**

Defendants are not entitled to qualified immunity. Qualified Immunity is not statutory law. It was created by the Supreme Court to protect officers and other government agents from frivolous lawsuits when they are performing their duties, using discretion, and operating reasonably. It does not protect a government official/agent when they violate a criminal statute nor when they violate someone's Constitutional Rights. The reasonable standard is based on what other officers would do in a similar situation. Qualified immunity does not protect a police department or a city. Qualified immunity only protects police officers from personal lawsuits if they are not engaged in behavior violates a citizen's rights. In *Taylor v. Riojas*, 141 S. Ct. 52, 208 L. Ed. 2d 164 (2020), the Supreme Court held that officers were not entitled to qualified immunity because any reasonable officer should have known their actions were unconstitutional. Sergeant Esquivel and Former Officer Terrazas knowingly violated Plaintiff's civil rights 42 U.S.C. §1983, First Amendment, Fourth Amendment, and Fourteenth Amendment rights. Police bodycam footage shows Sergeant Esquivel saying to Plaintiff, "Identify yourself or you will be placed under arrest for failure to identify." Plaintiff has a video of Sergeant Esquivel threating with his hand on his firearm.  In addition, when Plaintiff asked Former Officer Terrazas, "Have I committed a crime?" she responded, "No."  Tex Pen. Code §38.02 and violation of Plaintiff's First Amendment, Fourth Amendment, and Fourteenth Amendment rights. Failure to Identify (a) states a person commits an offense if he or she intentionally refuses to give his or her name, residence address, or date of birth to a peace officer who has lawfully arrested or detained the person and requested the information. The Plaintiff had not committed a crime, nor was he

arrested; therefore, he was not required to show identification. In *Packard v Budja*, No.22-1365 (10th Cir. Nov. 14, 2023) qualified immunity was denied. In *Armstrong v. Whalen*, CASE NO. C18-0845-JCC (W.D. Wash. Aug. 31, 2020) the Court denied qualified immunity to Defendants based on the Court's legal conclusion that the Defendants violated Plaintiff's clearly established Fourth Amendment rights when the evidence was viewed in the light most favorable to Plaintiff. Defendants Rex Thee (City Manager), Luis Esquivel (Sergeant, Monahans Police Department), and Jennifer Terrazas (Former Officer, Monahans Police Department), are not entitled to qualified immunity. Defendants' demeanor toward the Plaintiff shows racial discrimination and a violation of his civil rights. Should the Defendants have done their due diligence in investigating the issue, they would have concluded that the Plaintiff posed no threat to anyone. Therefore, police actions were unreasonable and thus not protected through qualified immunity.

## V.
## <u>PLAINTIFF'S SUIT AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY</u>

While officials' capacity claims are often treated as claims against the municipality, courts have found that they do not need to be dismissed as redundant. Plaintiff maintains that official capacity claims alongside municipal claims to ensure all avenues for relief are preserved. While a suit against an official in their official capacity is essentially a suit against the government entity, this does not require dismissal of the official capacity claims as redundant. As other courts have recognized, such redundancy is not grounds for dismissal absent a clear showing of prejudice to the defendant (Moore v Philadelphia, 461 F. 3D 331 Nos. 03-1465,03-1473 (3rd Circuit) (Sept. 13, 2006). A motion to dismiss for failure to state a claim under Rule 12(b)(6) challenges the legal sufficiency of the complaint. The court must accept all factual allegations as true and draw all reasonable inferences in the Plaintiff's favor. See Bell Atlantic Corp v Twombly 550 U. S. 544, 125S. CT. 1955, 167 L. Ed. 2D 929 (2007), Ashcroft v Iqbal, 556 U.S. 662 (2009). Hill, Sr.  v Monahans, et al 4:25-

cv-00032-DC-DF clearly shows City of Monahans, City Manager Rex Thee, Sergeant Esquivel, and former Officer Terrazas are all listed in the lawsuit.

**VI.**
**REQUEST FOR MORE DEFINITIVE STATEMENT IN THE ALTERNATIVE**

1. **In the Alternative, if the Court Finds that Plaintiff's Claim Should not be Dismissed, Defendants Move for a More Definite Statement.**

Plaintiffs submit this opposition to Defendant's motion for a more Definite Statement. As explained above, defendants Motion should be denied because Plaintiff's complaint and Opposition is not so vague or ambiguous that the Defendant cannot reasonably be required to frame a responsive pleading. Rather, the complaint / Opposition to Motion to dismiss "Short and plain statement of the claim" that fully satisfies the requirements of FED. R. CIV. P. 8(a)(2) of the Federal Rules of Civil Procedure. Courts have consistently held that this motion is not intended to be used as a pre-discovery fishing expedition for more details. For Instance, in Davisson v Santa Barbara High School District, 48 F, Supp.2d 1225 (C.D. Cal. 1998), the court noted "if the Defendants could obtain the missing detail through discovery, the motion should be denied. Here, Defendant clearly understands the nature of Plaintiff's claim, as demonstrated by the specific details and allegations mentioned in its motion. Defendant is not seeking clarity; it is improperly seeking detailed evidence that should be obtained through discovery. Defendant's motion is a transparent attempt to subvert the discovery process and harass the Pro Se Litigant (Plaintiff) because the complaint provides a sufficiently clear statement of the claims. The City of Monahans, City Manager Rex Thee, Sergeant Esquivel, and Officer Terrazas clearly, willingly, and purposefully denied Plaintiff his Civil Rights.All of the acts complained of herein were retaliatory and directed toward Plaintiff because of his statements, including criticism of the Officers' conduct. The officers acted with malice and oppression, deliberately trying to intimidate and silence Plaintiff. They threatened the Plaintiff with unreasonable search and seizure, including the use of excessive force. They unlawfully detained the Plaintiff, without basis, reasonable suspicion, probable cause, or warrant, or any recognized

exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Mr. Hill's Fourth Amendment rights. The actions of the officers were an unlawful, unwanted, painful, and harmful threat of arrest/detainment and handling of Mr. Hill by Defendants and in violation of Plaintiffs federally protected civil rights. In addition, the actions of Mr. Thee and his employees at the City of Monahans were retaliatory, fraudulent, deliberate, and in contemplation of intimidating Mr. Hill by failing to produce requested open records and attempting to sweep the entire incident under the rug. All parties listed in the defense acted with malice and oppression. Mr. Hill was detained, humiliated, threatened, and maliciously prosecuted based upon a fabricated police report, prepared by government agents, under the guise of their sworn duty as officers of the law. Defendant(s) violated Plaintiff's constitutional rights by creating and maintaining the following unconstitutional customs and practices, in their de facto policy, custom, and/or practice of harassing, intimidating, and threatening to arrest and arresting a person(s) who exercise their First Amendment rights of freedom of expression; inadequately investigating their police officer employees upon complaints of misconduct or Claims for Damages involving police misconduct; failing to discipline, failing to investigate, and of retaining, personnel who falsely detain persons in violation of constitutional rights; failing to discipline, failing to investigate, and of retaining, personnel who use excessive and/or unjustified force upon persons with whom they come into contact in violation of constitutional rights; and that Defendant's policies or customs caused and were the moving force and/or affirmative link behind some or all of the violations of Mr. Hill's constitutional rights at issue in this case. The Plaintiff is informed, believes, and there upon alleges that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendant City, by and through its decision makers.

VII.
**CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant's Motion to Dismiss Or, In the Alternative Motion for a More Definite Statement, and Failure to State a Claim, should be denied

> Respectfully submitted,
> /s/Aaron Tremell Hill, Sr.
> **Aaron Tremell Hill, Sr.**
> 13949 Jacktar Street
> Corpus Christi, Texas 78418
> Email: aaronhill73@yahoo.com
> 361-562-8404
> **Pro Se Litigant**

**CERTIFICATE OF SERVICE**

I, Aaron Tremell Hill, Sr., do hereby certify that on October 8, 2025 a true and correct copy of the foregoing instrument was served via electronic filing system and sent to defendant (s) attorney.

**Via E-filing to teyrich@cbtd.com**
Tyler J. Eyrich, Attorney
State Bar No. 24101741
Cotton, Bledsoe, Tighe & Dawson a Professional Corporation
P. O. Box 2776
Midland, Texas 79702

**ATTORNEYS FOR DEFENDANT (S)**

> /s/Aaron Tremell Hill, Sr.
> **Aaron Tremell Hill, Sr.**
> aaronhill73@yahoo.com
> **Pro Se Litigant**