| | | |
|---|---|---|
| AARON TREMELL HILL, SR., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | NO. 4:25-CV-00032-DC-DF |
| | § | |
| CITY OF MONAHANS, | § | |
|     Defendant. | § | |

## DEFENDANTS' REPLY TO PLAINTIFFS RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants the City of Monahans, Rex Thee, Luis Esquivel and Jennifer Terrazas ("Defendants") in the above-entitled action and file this, their Reply to Plaintiff's Response to Defendants' Motion to Dismiss or, in the alternative, Motion for a More Definite Statement pursuant to the Federal Rules of Civil Procedure, and in support would respectfully show unto the Court as follows:

## I.
## INTRODUCTION

The Court should dismiss Plaintiff's claims because he has failed to meet his burden to state a claim upon which relief can be granted. As his Response makes clear, Plaintiff is attempting to reassert claims that were previously dismissed by this very Court. Plaintiff's Response to Defendants' Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement (Doc. 7 at 1). As explained herein and in the underlying Motion (Doc. 6), Plaintiff's claims in his Complaint (Doc. 1) are barred by the statute of limitations and qualified immunity.

To the extent Plaintiff attempts to assert new causes of action against Defendants in his Reply brief, those should similarly be rejected by this Court.

**II.**
<u>**PLAINTIFF'S 42 U.S.C. § 1983 CLAIMS AND STATE TORT CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS**</u>

In Plaintiff's Response, he admits that the events giving rise to the causes of action he asserts in this suit occurred on or about September 9, 2022. (Doc. 7 at 2).

**a. Plaintiff's 42 U.S.C. § 1983 Claims Are Barred**

Plaintiff's claims under § 1983 are barred because the statute of limitations for 42 U.S.C. § 1983 claims is two years. *See Wallace v. Kato*, 549 U.S. 384, 387-88, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007); *see also Sorrow v. Harris Cnty. Sheriff,* 622 S.W.3d 496, 501-2 (Tex. App.—Houston [14th Dist.] 2021, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)); *see also Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 402 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Plaintiff's claims should be dismissed because he filed the instant suit on August 8, 2025. (Doc. 1).

**b. Plaintiff's Tort Claims, if Any, Are Barred.**

Insofar as Plaintiff brings any tort claims, they are also barred. In his Original Compliant, Plaintiff appears to allege intentional infliction of emotional distress. *See* (Doc. 1 at 3, 9). Such claim is time-barred as it was asserted after the requisite two-year limitations period. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Bhalli v. Methodist Hosp.*, 896 S.W.2d 207, 211 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

**c. Plaintiff's Equitable Tolling Argument Fails**

Plaintiff argues that, should the Court properly find that the statute of limitations on his claims have run, the Court should invoke the equitable tolling doctrine. (Doc. 7 at 15). However, only in "rare and exceptional circumstances" is equitable tolling permissible. *United States v. Kirkham*, 367 Fed. Appx. 539, 543 (5th Cir. 2010) (citing *United States v.*

*Wynn,* 292 F.3d 226, 230 (5th Cir. 2002)). This doctrine is applicable primarily where the Plaintiff is "actively mislead" and prevented in some way from asserting his rights. *Kirkham*, 367 Fed. Appx. at 543 (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Unfamiliarity with the legal process does not justify equitable tolling. *Kirkham*, 367 Fed. Appx. at 543 (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)). Plaintiff's misplaced reliance on dissimilar FLSA cases should not sway this Court's analysis. (Doc. 7 at 14-15). Additionally, Plaintiff's actions in prosecuting the 2024 Lawsuit[1] based on the same events and circumstances belies any legitimate contention that Plaintiff was unaware of his claims. *Compare* (Doc. 7) *with* (2024 Lawsuit at Docs. 1, 15-1). Equitable tolling is not an appropriate remedy and the Court should dispose of his claims.

### III.
### PLAINTIFF'S CLAIMS ARE BARRED BY QUALIFIED IMMUNITY

An official is not required to demonstrate that he did not violate clearly established federal rights. *Estate of Davis Ex Re. McCully v. City of North Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005). The proper focus of this inquiry should be on whether Plaintiff's pleadings establish that the officer's actions were objectionably unreasonable. "It is the plaintiff's burden to find a case in his favor that does not define the law at a 'high level of generality'" *Vann v. City of Southhaven, Mississippi*, 884 F.3d 307, 310 (5th Cir. 2018) (quoting *Cass v. City of Abilene*, 814 F.3d 721, 732-33 (5th Cir. 2016)). Failure to cite "a preexisting precedential case" that places an officer on notice that the conduct in question violates the Constitution "dooms" a plaintiff's case. *Id*.

Plaintiff did not set forth any case law that satisfies this threshold. Rather, Plaintiff makes unsupported and conclusory allegations that Sergeant Esquivel and Former Officer Terrazas are

---

[1] Cause No. 4-24-CV-00012, *Aaron Tremell Hill, Sr., v. City of Monahans, et al.,* shall be referred to herein as the "2024 Lawsuit." Defendants respectfully pray that the Court take judicial notice of the pleadings on file in the Court's docket in said Cause.

not entitled to qualified immunity because "any reasonable officer should have known their actions were unconstitutional." (Doc. 7 at 16). However, as the previous Report and Recommendation of the Hon. Magistrate David B. Fannin recognized, there is clearly established law that Sergeant Esquivel and Former Officer Terrazas were authorized to request that Plaintiff identify himself and arrest him for failure to do the same. (2024 Lawsuit, Doc. 29 at 16); *see Emesowum v. Zeldes*, No. SA-15-CA-00831, 2015 WL 9598890, at \*2-3 (W.D. Tex. Dec. 21, 2015) (holding an arrest for failure to identify was not a constitutional violation when the plaintiff was subject to arrest for criminal trespass), R. & R. adopted, 2016 WL 3579232 (W.D. Tex. June 27, 2016), *aff'd*, 697 F. App'x 386 (5th Cir. 2017). Plaintiff's reliance on three inapplicable and non-binding cases does not overcome his burden.[2] Thus, because the officers' actions were not clearly unconstitutional, Defendants are shielded by qualified immunity.

**IV.**
**<u>PLAINTIFF'S SUIT AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY</u>**

To the extent that the Court construes these claims as if pleaded against Sergeant Esquivel, Former Officer Terrazas, and City Manager Rex Thee in their official capacity, Plaintiff's Original Complaint fails to state a claim upon which relief can be granted. A claim against a municipal official in his or her official capacity is tantamount to a suit against the municipal entity. *Bustillos v. El Paso Cnty. Hosp. Dist.*, 226 F. Supp. 3d 778, 789 (W.D. Tex. 2016), aff'd, 891 F.3d 214 (5th

---

[2] *See Taylor v. Riojas*, 141 S. Ct. 52, 53 (2020) (per curium) (holding that qualified immunity does not apply when no reasonable officer could conclude that forcing an inmate to sleep naked in sewage was constitutionally permissible); *Packard v. Budja,* 86 F.4th 859, 865 (10th Cir. 2023) (holding that qualified immunity did not protect the officers because a reasonable juror could find that shooting beanbag rounds at protesters who did not commit any crimes, did not pose a threat, and did not attempt to flee was a constitutional violation); *Armstrong v. Whalen,* 465 F. Supp. 3d 1165, 1170 (W.D. Wash. 2020) (holding that qualified immunity did not protect government officials from liability where they tased an injured man who they were there to help and failed to warn him that he would be tased).

Cir. 2018) (citing *Monell*, 436 U.S. 658, 690 (1978)). Plaintiff's only support for his novel position to overcome such Black letter law is *Moore v. Philadelphia*, 461 F.3d 331 (3d Cir. 2006). Other than one sentence aside, Plaintiff wholly fails to justify how a dissimilar, Title VII claim from the Third Circuit should control the Court's decision, let alone overcome this very Court's previous holdings on the vital issues. *See* (2024 Lawsuit, Docs. 13 at 12, 19 at 4, 29 at 7). To the extent they exist, Plaintiff's Official Capacity claims should be dismissed.

**V.**
**<u>PLAINTIFF FAILED TO STATE A CLAIM AGAINST DEFENDANTS</u>**

### a. Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983

Sergeant Esquivel and Former Officer Terrazas did not violate Plaintiff's constitutional rights which he alleges under 42 U.S.C. § 1983 by asking Plaintiff to identify himself. *Emesowum*, 2015 WL 9598890, at *3 (citing *Devenpeck*, 543 U.S. at 153).

Plaintiff, in his Response, failed to address the *Monell* claim asserted in his Original Complaint (Doc. 1 at 1, 8). To bring such a claim against a municipality, the plaintiff must allege a constitutional violation arising from the implementation of a government policy or custom. *See* (2024 Lawsuit, Doc. 29 at 11) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978)). The plaintiff must show that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (citing *Hicks-Fields v. Harris County*, 860 F.3d 803, 808 (5th Cir. 2017)). Other than the vague assertions and unsupported recitation of elements in his Response (Doc. 7 at 19), Plaintiff wholly fails to identify any the necessary elements regarding policies, practices, procedures, and policy makers.

Plaintiff asserts that City Manager Rex Thee should be held liable for negligent hiring, retention, and supervision under 42 U.S.C. § 1983 because he "knowingly disregarded Plaintiff's

civil rights by disregarding the actions of the police and records clerk." (Doc. 7 at 10). This argument fails because he does not allege any specific conduct on the part of City Manager Rex Thee. (2024 Lawsuit, Doc. 29 at 10). As such, "Plaintiff fails to state an individual capacity claim under § 1983 as to City Manager [Rex] Thee." *Id*.

Even if Plaintiff's claims for negligent hiring, retention, and supervision are construed to be against the City of Monahans, the standard for negligent hiring, retention, and supervision is deliberate indifference. *See Gomez v. Galman*, 18 F.4th 769, 778 (5th Cir. 2021) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997)). Plaintiff fails to allege any facts that would demonstrate deliberate indifference in the hiring, retention, and supervision of Sergeant Esquivel and Former Officer Terrazas. Defendants respectfully assert that much like the 2024 lawsuit, Plaintiff's instant claims similarly "must die on the vine." (2024 Lawsuit, Doc. 29 at 12).

### b. Plaintiff Fails to State Any Tort Claims

To the extent that Plaintiff alleges any tort claims against the City of Monahans, the Texas Tort Claims Act bars such claims. *See Goodman v. Harris County*, 571 F.3d 388, 394 (5th Cir. 2009); *see also* (2024 Lawsuit, Doc. 29 at 14-16).

### c. Plaintiff Fails to State Any Penal Code Violations

To the extent Plaintiff appears to rely upon the Texas Penal Code in his Reply, Defendants would highlight that the Texas Penal Code does not create a private cause of action. *Garza v. Perez*, No. SA-20-CV-00097, 2021 WL 2211113, at *5 (W.D. Tex. May 28, 2021) (citing *Aguilar v. Christian*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied)); *see Mathis v. DCR Mortg. III Sub I, LLC*, 952 F. Supp. 2d 828, 836 (W.D. Tex. July 8, 2013). As this Court has

previously recognized, Plaintiff cannot and does not state a claim for relief premised upon alleged violations of the Texas Penal Code. *See* (2024 Lawsuit, Doc. 29 at 14).[3]

**VI.**
**<u>PLAINTIFF'S CLAIMS UNDER THE PUBLIC INFORMATION ACT ARE BARRED</u>**

Plaintiff's allegations related the Public Information Act have yet to run, do not prevent the Court's proposal dismissal of this case. Plaintiff failed to allege these causes of action anywhere within the four corners of his Original Complaint and as such, these claims are not properly before the Court and this lawsuit should be dismissed. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) ("For 12(b)(6) motions, a district court may only consider the allegations in the complaint and any attachments."); *see also, Robinson v. CSL Plasma Center,* Civ. Action No. 21-2520, 2022 WL 4295252, 2022 WL 4295252, at *2 (N.D. Tex. Aug. 25, 2022) (stating that "'pleadings'" for purposes of a Rule 12(b)(6) motion include the plaintiff's complaint, attachments to the complaint, and documents that are attached to a motion to dismiss if they are referred to in the complaint and central to plaintiff's claims.). Assuming, *arguendo*, that these claims were properly before the Court, Plaintiff has wholly failed to put forth any articulable basis that Defendants Luis Esquivel or Jennifer Terrazas should be held liable for these purported violations.

**VII.**
**<u>CONCLUSION</u>**

WHEREFORE, PREMISES CONSIDERED, Plaintiff's claims against Defendants should be dismissed for failure to state a claim upon which relief can be granted, because Defendants are shielded by qualified immunity, and based upon limitations.

---

[3] Defendants would also highlight that this Court previously dismissed Plaintiff's claims pursuant to the Texas Penal Code with prejudice. (2024 Lawsuit, Doc. 32 at 1-2). Out of abundance of caution because Plaintiff now purports to rely upon different Penal Code provisions than in the previous suit, Defendants further pray the Court similarly dismiss these claims.

Respectfully submitted,

By:    */s/ Tyler J. Eyrich*

**Tyler J. Eyrich**
State Bar No. 24101741
teyrich@cbtd.com

**COTTON, BLEDSOE, TIGHE & DAWSON, P.C.**
A Professional Corporation
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 (Fax)

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October, 2025, a true and correct copy of the foregoing instrument was served via electronic filing system and sent to Plaintiff:

Aaron Tremell Hill, Sr.
13949 Jacktar Street
Corpus Christi, Texas 78418
361-562-8404
Aaronhill73@yahoo.com

*/s/ Tyler J. Eyrich*
Tyler J. Eyrich