# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### PECOS DIVISION

| | | |
|---|---|---|
| AARON TREMELL HILL SR, | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | PE:25-CV-00032-DC-DF |
| | § | |
| CITY OF MONAHANS, et al., | § | |
| *Defendants.* | § | |

## U.S. MAGISTRAGE JUDGE'S REPORT AND RECOMMENDATION

BEFORE THE COURT is Defendants City of Monahans, Rex Thee, Luis Esquivel, and Jennifer Terrazas's Motion to Dismiss or in the Alternative Motion for More Definite Statement ("Motion"). (Doc. 6). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** Defendants' Motion be **GRANTED** and that Hill's claims be **DISMISSED WITH PREJUDICE**. (Doc. 6).

### BACKGROUND

This matter arises from a dispute at a Dollar Tree. (Doc. 7 at 2). Plaintiff Aaron Tremell Hill, Sr., alleges that he was the victim of racial discrimination at Dollar Tree and that the officers who were called to the store violated his constitutional rights. *Id.* at 2–3. Hill previously filed a similar suit regarding this incident that this Court ultimately dismissed without prejudice. *Hill v. City of Monahans*, No. PE:24-CV-00012-DC, 2024 WL 5010729, at *1 (W.D. Tex. Dec. 6, 2024).

Hill brought this matter once again on August 18, 2025. (Doc. 1). Defendants filed the instant Motion on September 25, 2025, asserting that Hill's claims are barred by the

statute of limitations and qualified immunity. (Doc. 6). Hill filed a Response to which Defendants filed a timely Reply. (Docs. 7, 8).

LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is appropriate if a complaint offers merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678), *cert. denied*, 572 U.S. 1087 (2014). When reviewing a 12(b)(6) motion, the court accepts all facts as true and construes them in the light most favorable to plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).

DISCUSSION

Hill brings claims under 42 U.S.C. § 1983 against all Defendants for violations of his First, Fourth, and Fourteenth Amendment rights as well as a state law intentional infliction of emotional distress claim against Defendants Terrazas and Esquivel.[1] (Doc.

---

1. Hill also brings claims under Texas Penal Code § 22.01 and § 42.07. (Doc. 1 at 9–10). Hill cannot bring claims under the Texas Penal Code because it does not create private rights of action for civil plaintiffs.

2

1). Hill's claims should be dismissed because they are barred by the statute of limitations. In the alternative, Hill's constitutional claims should be dismissed on the merits. Should the Court dismiss Hill's constitutional claims on their merits, it should decline to exercise supplemental jurisdiction over his intentional infliction of emotional distress claim.

## I.      Statute of Limitations

The statute of limitations bars Hill's claims. A complaint is subject to dismissal if it is apparent that the plaintiff's claims are barred by the statute of limitations and there is no basis for tolling. *Jenkins v. Tahmahkera*, 151 F.4th 739, 747 (5th Cir. 2025). The limitations period begins "when the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury." *Id.* (quoting *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016)).

### A.  Constitutional Claims

Hill brings constitutional claims under § 1983 against all Defendants for violations of his First, Fourth, and Fourteenth Amendment rights. Hill's claims include a municipal liability claim against the City of Monahans. (Doc. 1). These claims all stem from the dispute at Dollar Tree, which occurred on September 9, 2022. (Docs. 1; 6 at 9; 7 at 2; 8 at 2). Hill was refused service in Dollar Tree, prompting a dispute between him and the store manager. (Doc. 6 at 2). Police officers, Defendants Terrazas and Esquivel, responded to the scene and allegedly violated Hill's constitutional rights. *Id.* at 3. Hill's

---

*Kerns v. Dickson*, No. 25-40349, 2026 WL 396358, at *7 (5th Cir. Feb. 12, 2026). Accordingly, the undersigned will not discuss these claims.

municipal liability claims against Defendant Thee[2] and the City of Monahans also stem from these alleged constitutional deprivations at Dollar Tree, as he claims that it was their unofficial policies or customs that motivated Terrazas and Esquivel's actions. *Id.* at 8.

The statute of limitations for claims brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Jenkins*, 151 F.4th at 747 (citing *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018)). "In Texas, a two-year statute of limitations governs personal injury claims" and thus Hill had to file suit within two years from the date his claims accrued. *Id.* The time at which a § 1983 claim accrues is a question of federal law. *Id.* "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (internal quotations omitted) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993)). Thus, the statute of limitations began running the moment Hill was or should have been aware of the causal connection between his injury and the acts of Defendants. *Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir. 1992).

Hill suffered his alleged constitutional deprivations on September 9, 2022, and that is the day the statute of limitations began to run. (Doc. 7 at 2). Despite conceding that his "initial violation of civil rights was on or about September 9, 2022[,]" Hill argues his claims are not barred because Defendants have failed to produce documents in response to his open records requests and that the equitable tolling doctrine therefore

---

2. The only place Hill mentions Defendant Rex Thee is in his *pro se* complaint form. (Doc. 1 at 2). It is unclear to what extent Hill sues Thee or whether he is only naming him as a municipal policymaker on behalf of Monahans.

applies. *Id.* at 14. But for equitable tolling to apply based on such allegations, the plaintiff must show they were "actively misled by the defendant about the cause of action" and "prevented in some extraordinary way from asserting [their] rights" or that they were "unable to discover essential information bearing on the existence of [their] claim." *Bandy v. TRC Sols., Inc.*, No. 1-22-CV-0144-DAE, 2024 WL 1595677, at *5 (W.D. Tex. Feb. 22, 2024) (other citations and internal quotations omitted) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The burden is on Hill to make this showing. *Teemac v. Henderson*, 298 F.3d 454, 457 (5th Cir. 2002).

Hill references open records requests but does not provide any information as to what he requested, why it was essential to the existence of his claims, or how it prevented him from asserting his rights. (Doc. 7 at 14). Moreover, Hill need not have actual knowledge of every fact to bring his claims. *Jenkins,* 151 F.4th at 748 (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995)). Thus, any of Hill's issues with records requests do not provide a valid basis for tolling the statute of limitations. *See Haule v. City of Austin*, No. 18-CV-707-LY, 2018 WL 11487972, at *3 (W.D. Tex. Dec. 14, 2018), *R. & R. adopted*, 2019 WL 13274571 (W.D. Tex. May 20, 2019).

The fact that Hill's claims in his prior case were dismissed without prejudice also does not justify tolling the statute of limitations.[3] A dismissal without prejudice "has no

---

3. Hill cites to "Lane, et al, v DirecTV, Inc. et al, 2:10-cv-01085 (February 22, 2010)" and "Waetzig v Halliburton Energy Services, Inc." to argue that a dismissal without prejudice "essentially eras[es] the lawsuit for timing purposes, restarting the clock as if the case had never been filed." (Doc. 7 at 15). In *Waetzig*, the Supreme Court discusses the opposite proposition with approval, explaining how the plaintiff in that case was unable to pursue his claims after a dismissal without prejudice because the statute of limitations had expired. *Waetzig v. Haliburton Energy Servs., Inc.*, 604 U.S. 305, 318 (2025). The Court has been unable to locate a *Lane* case with that citation.

legal effect" and "leaves the parties in the same legal position as if no suit had been filed." *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 601 (5th Cir. 2007) (citing *In re Wilson*, 442 F.3d 872, 880 (5th Cir. 2006)). It does not justify tolling the statute of limitations. *Carter v. Tex. Dep't of Health*, No. SA-03-CA-138-RF, 2004 WL 569518, at *3 (W.D. Tex. Feb. 26, 2004) (rejecting argument that previous dismissal without prejudice tolled the statute of limitations); *East v. Eidson*, No. 1:15-CV-099-P-BL, 2016 WL 1060343, at *3 (N.D. Tex. Feb. 24, 2016), ("A dismissal without prejudice . . . does not toll the statute of limitations."), *R. & R. adopted*, 2016 WL 1028236 (N.D. Tex. Mar. 15, 2016).

Accordingly, because Hill's claims brought under § 1983 are outside the statute of limitations and there is no basis for equitable tolling, the undersigned **RECOMMENDS** that the Court **DISMISS** them **WITH PREJUDICE**.

### B. State Law Claim

Hill also brings a state law claim for intentional infliction of emotional distress. (Doc. 1 at 9). Hill's intentional infliction of emotional distress claim also arises out of the events of September 9, 2022. *Id.* Texas's statute of limitations for intentional infliction of emotional distress claims is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a). Thus, Hill's claim is barred by the statute of limitations. And as discussed above, there is no reason to apply equitable tolling. The undersigned therefore **RECOMMENDS** that the Court **DISMISS** Hill's intentional infliction of emotional distress claim **WITH PREJUDICE**.

### II.     Other Bases for Dismissal

Should this Court find that Hill's claims are not barred by the statute of limitations, they should still be dismissed. Hill fails to overcome the individual Defendants' qualified immunity as to his constitutional claims brought under § 1983. Hill also fails to state a claim against Monahans for municipal liability. Should the Court dismiss Hill's constitutional claims on their merits, it should decline to exercise supplemental jurisdiction over his intentional infliction of emotional distress claim if it finds it is not already barred by the statute of limitations.

### A. Qualified Immunity

Hill claims Defendants Esquivel and Terrazas violated his rights under the First, Fourth, and Fourteenth Amendments. (Doc. 1). Esquivel and Terrazas assert qualified immunity. (Doc. 6 at 10). A plaintiff seeking to overcome qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct. *Carmona v. City of Brownsville*, 126 F.4th 1091, 1096 (5th Cir. 2025) (citing *Converse v. City of Kemah*, 961 F.3d 771, 774 (5th Cir. 2020)). Thus, for Hill's claims to survive, he must not only have adequately pled violations of his constitutional rights but also that the rights implicated were clearly established. *Id.*

Hill's pleading is insufficient to overcome qualified immunity. Hill's pleading fails to make it past the first step of the qualified immunity analysis because it offers only legal conclusions without providing the necessary facts as to how Defendants Esquivel and Terrazas violated his constitutional rights. "A plaintiff seeking to overcome a motion to dismiss because of qualified immunity . . . must plead *facts* that

7

allow the court to draw the reasonable inference that the defendant is liable for the harm alleged." *Bevill v. Fletcher*, 26 F.4th 270, 274 (5th Cir. 2022) (emphasis added). The Court does not "accept as true legal conclusions, conclusory statements, or naked assertions of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019). For each of his claims, Hill offers only conclusory legal statements that Defendants violated his constitutional rights without providing any factual detail. (Doc. 1). Accordingly, even if this Court makes it past the statute of limitations issue, it should **DISMISS** Hill's constitutional claims **WITH PREJUDICE**.

### B. Municipal Liability

Hill also brings a municipal liability claim against the City of Monahans. Hill does not point to an official city policy and instead relies on pervasive customs or practices as the basis for this municipal liability claim. (Doc. 1). Hill points to Monahans customs of: (1) harassing, intimidating, and threatening to arrest and arresting people who exercise their First Amendment rights of freedom of expression; (2) inadequately investigating police officer employees for claims involving police misconduct; (3) failing to discipline, investigate, and of retaining personnel who falsely detain persons; as well as (4) condoning, ratifying, failing to discipline, failing to investigate, and retaining personnel who use excessive force upon persons with whom they come in contact. *Id.* at 8.

"To be unconstitutional, . . . a municipal entity's policy that derives from custom or practice must be 'so common and well settled as to constitute a custom that fairly represents municipal policy.'" *Sanchez v. Young County*, 866 F.3d 274, 280 (5th Cir. 2017)

(quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). At this stage, "plaintiffs need not provide 'specific examples . . . to meet the '[custom] or practice' element.'" *Moore v. LaSalle Mgmt. Co., LLC*, 41 F.4th 493, 509 (5th Cir. 2022) (quoting *Montano v. Orange County*, 842 F.3d 865, 876 (5th Cir. 2016)). But "stating a claim against a municipality requires more than a barebones recitation of municipal liability" and "to survive a motion to dismiss, . . . [the plaintiff] is required to plead at least something resembling a pattern of serious deficiencies." *Sanchez v. Gomez*, 283 F. Supp. 524, 532 (W.D. Tex. 2017); *Hogan v. Bexar County*, No. 19-CV-00255, 2021 WL 1667130, at *7 (W.D. Tex. Apr. 27, 2021) (emphasis omitted).

Hill offers a barebones recitation of municipal liability and provides no facts to support the existence of the customs he describes. He states only that these policies exist and were the motivating force behind his harm. (Doc. 1 at 8–9). Although he does not need robust factual allegations at this stage, his blanket assertions that these customs exist are insufficient to state a claim for municipal liability. *Hogan*, 2021 WL 1667130, at *7. Accordingly, the undersigned **RECOMMENDS** that Hill's municipal liability claim against Monahans be **DISMISSED WITH PREJUDICE**.

### C. Intentional Infliction of Emotional Distress

If this Court dismisses Hill's constitutional claims on their merits, all that will remain is his state law intentional infliction of emotional distress claim. (Doc. 1 at 9). In this Circuit, "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . ." *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). The

Court should follow that rule here. Accordingly, if the Court follows the undersigned's recommendation and dismisses Hill's constitutional claims, the undersigned also **RECOMMENDS** that the Court **DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION** over Hill's state law intentional infliction of emotional distress claim.

### Conclusion and Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court **GRANT** Defendants' Motion, find Hill's claims are barred by the statute of limitations, and **DISMISS** Hill's claims **WITH PREJUDICE**. (Doc. 6). In the alternative, the Court should **DISMISS WITH PREJUDICE** Hill's constitutional claims on their merits and **DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION** over his intentional infliction of emotional distress state law claim.[4]

SIGNED this 9th day of March, 2026.


DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

---

4. Because dismissal is appropriate, this Court need not reach Defendants' request in the alternative for Hill to file a more definite statement. (Doc. 6 at 12–13).

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation **by certified mail, return receipt requested**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).